UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WENDI FERGUSON SELLERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARY E. PETERS, Secretary of )<br>Transportation, U.S. Department )<br>of Transportation, et al., )<br>)<br>Defendants. ) | No. 4:97CV2260 FRB |

### MEMORANDUM AND ORDER

This cause is before the Court for determination of appropriate equitable relief to be awarded plaintiff Wendi Ferguson Sellers upon a jury's verdict and finding that plaintiff's employer, the Federal Aviation Administration (FAA), unlawfully discriminated against plaintiff in her employment on account of her gender and in retaliation for her complaints of sexual harassment which resulted in the unlawful termination of her employment, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, et seq. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Subsequent to the entry of the jury's favorable verdict, plaintiff filed a Motion for Equitable Relief in which she sought reinstatement to her position with the FAA as an Air Traffic Control Specialist (ATCS), or, in the alternative, an award of

front pay.  An evidentiary hearing on the motion was held November 19, 2001, and on December 13, 2001, the Court entered a Memorandum and Order, with Findings of Fact and Conclusions of Law, in which it determined that reinstatement to plaintiff's position with the FAA was impracticable in the circumstances.  The Court therefore awarded front pay in lieu of reinstatement, with such award totaling $638,293.99.

Defendant Secretary of Transportation (Secretary) timely appealed the Court's determination, arguing, inter alia, that plaintiff's post-termination misconduct barred her reinstatement with the FAA and thereby precluded any award of front pay.  In its subsequent decision, the Eighth Circuit vacated the award of front pay and remanded the matter to this Court to determine, in the first instance, whether plaintiff's post-termination conduct actually precluded her reinstatement with the FAA and thus precluded an award of front pay.  Sellers v. Mineta, 358 F.3d 1058 (8th Cir. 2004).  In a separate Memorandum Opinion entered this date, the undersigned has held that plaintiff's post-termination conduct does not so preclude her reinstatement.  Accordingly, the matter of appropriate equitable relief is again before this Court.

In its majority opinion in Sellers, the Eighth Circuit held that "in the event that the district court determines on remand that Sellers' post-termination conduct did not in itself bar her reinstatement[,]" Sellers, 358 F.3d at 1065, the issue of the

amount of plaintiff's front pay award must be revisited and should be reduced given plaintiff's failure to mitigate her damages by seeking comparable employment, id. at 1066. Such matter will be addressed in due course. First, however, this Court takes notice that, in his concurring opinion in Sellers, Judge Loken observed that "if Sellers prevails on [the issue of post-termination conduct], then I think the district court should next revisit the issue of reinstatement" given that reinstatement is the preferred equitable remedy. Id. at 1068 (Loken, J., concurring). Judge Loken further instructed that this Court should

> bear[] in mind that 'the passage of time may soften the most acrimonious of relationships,' United Paperworkers [Int'l Union v. Champion Int'l Corp.], 81 F.3d [798, ]805 [(8th Cir. 1996)], and determin[e] whether there are terms of reinstatement reasonably comparable to those proposed by Sellers that are not impractical because of either hostility above that normally incident to litigation or other sufficient reasons.

Id.

In light of the Eighth Circuit's opinion and instruction in Sellers, including that given by Judge Loken, the Court ordered the parties upon remand to submit briefs on the following issues:

1. Whether plaintiff's post-termination conduct renders her ineligible for reinstatement as an Air Traffic Control Specialist (ATCS) with the Federal Aviation Administration (FAA) under the FAA's employment regulations, policies and actual employment practices; and

> 2. If plaintiff's post-termination conduct does not render her ineligible for reinstatement as an ATCS with the FAA, whether the preferred equitable remedy of reinstatement is nevertheless impracticable in the circumstances of this cause.

(See Order, filed Dec. 15, 2004/Docket No. 249.) Notably, in its opening brief, defendant Secretary addressed only the first issue presented, which, as set out above, has now been resolved in favor of plaintiff. As such, the Court next turns to the issue of reinstatement. Inasmuch as neither party has provided the Court with its position regarding reinstatement, despite being previously ordered to do so, the parties shall now submit briefs on the second issue set out above. In reflecting upon and presenting their respective positions, each party shall bear in mind Judge Loken's guiding instruction:

> In this regard, the parties must remember that reinstatement is the preferred equitable remedy. Therefore, the FAA, having violated Title VII, must have strong reasons to avoid reinstatement, and Sellers may not abandon her former willingness to accept reinstatement because she might now prefer a substantial front pay award.

Sellers, 358 F.3d at 1068 (Loken, J., concurring).

Accordingly,

**IT IS HEREBY ORDERED** that not later than **March 2, 2007**, defendant Secretary of Transportation shall submit to the Court a brief addressing whether the preferred equitable remedy of reinstatement is impracticable in the current circumstances of this

cause.

**IT IS FURTHER ORDERED** that plaintiff Wendi Ferguson Sellers shall file her brief in response to defendant's opening brief not later than **March 19, 2007.**

**IT IS FURTHER ORDERED** that any reply brief shall be filed by defendant not later than **March 26, 2007.**

**IT IS FURTHER ORDERED** that in the event defendant is willing to offer to plaintiff the preferred remedy of reinstatement as a means of resolving this issue in this case, defendant Secretary shall so inform the Court not later than **March 19, 2007.**

NO REQUESTS FOR EXTENSION OF TIME TO MEET ANY DEADLINE SET OUT ABOVE WILL BE ENTERTAINED OR GRANTED BY THE COURT.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _31st_ day of January, 2007.