```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION
```

WENDI FERGUSON SELLERS,            )
                                   )
            Plaintiff,             )
                                   )
     v.                            )     No. 4:97CV2260 FRB
                                   )
MARY E. PETERS, Secretary of       )
Transportation, U.S. Department    )
of Transportation, et al.,         )
                                   )
            Defendants.            )

## MEMORANDUM AND ORDER

Presently pending before the Court is plaintiff Wendi Ferguson Sellers' Motion for Reconsideration of the Court's Order and Amended Judgment of November 28, 2007 (filed December 12, 2007/ Docket No. 266). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

The tortured history of this protracted litigation has been set out previously in numerous memoranda and orders and will not be repeated here. Relevant to the instant discussion is that Memorandum and Order entered November 28, 2007 (Docket No. 263), wherein the Court determined plaintiff's reinstatement to her previous position as an Air Traffic Control Specialist (ATCS) with the Federal Aviation Administration (FAA) to be impractical in the circumstances; that defendant Secretary of Transportation's vague willingness to offer reinstatement to plaintiff did not preclude an

award of front pay in the circumstances; and that, given plaintiff's failure to mitigate damages by failing to seek comparable employment, plaintiff's original front pay award of $638,293.99 should be reduced to $489,540.00. The Court entered an Amended Judgment that same date vacating the previous judgment to the extent it awarded plaintiff $638,293.99 in front pay, and awarding plaintiff front pay anew in the amount of $489,540.00. (*Amd. Jmt.*, Docket No. 264.) It is the calculation of front pay in the Court's Memorandum and Order of November 28, 2007, which the plaintiff requests the Court to reconsider. The Court will address each of plaintiff's arguments in turn.

1. <u>Credit for Pay Increases</u>

Plaintiff argues first that the Court erred by keeping static the starting point of its calculations, that is plaintiff's annual ATCS earnings of $106,285.00, throughout the eight-year, eight-month award of front pay instead of crediting plaintiff for pay increases she would have received had she remained employed with the FAA during this period. Plaintiff requests the Court to review the salaries of two other FAA employees employed as ATCS's, averred to be immediately above and below plaintiff in seniority, and to credit to plaintiff's earnings the average rate of pay increases applied to these employees' salaries. (See Pltf.'s Exhs. 2, 3.) Plaintiff suggests no alternative method by which to calculate pay raises to her projected ATCS salary.

By its very nature, the determination of an award of front pay necessarily involves some uncertainty and is often speculative. Newhouse v. McCormick & Co., Inc., 110 F.3d 635, 642 (8th Cir. 1997); Williams v. Valentic Kisco, Inc., 964 F.2d 723, 730 (8th Cir. 1992). The discretionary question of what to award "is a difficult one because it involves the consideration of many complicated factors." Ollie v. Titan Tire Corp., 336 F.3d 680, 687 (8th Cir. 2003). While prospective pay raises may be included in an award of front pay and a plaintiff's past performance in her employment may be considered in the court's determination as to what raises the plaintiff may have earned had she remained so employed, see Xiao-Yue Gu v. Hughes STX Corp., 127 F. Supp. 2d 751, 762 (D. Md. 2001), the undersigned is unaware of any authority, and plaintiff cites to none, which permits a court to consider raises awarded to *other* employees as a factor to the front pay determination.[1]

The undersigned declines plaintiff's invitation to base the determination of pay increases on only the performance of

---

[1] Nevertheless, as noted infra at Section 2, benefits were not considered as a part of plaintiff's wages for comparable employment. As such, the amounts deducted from the ATCS earnings of $106,285.00 (which included benefits) are less than what they would have been had benefits been included in such comparable employment wages. With the lesser amount deducted, a greater amount of front pay was awarded to plaintiff. To award plaintiff additional monies reflecting ATCS pay raises without deducting comparable employment benefits could result in a windfall to plaintiff. Such windfalls are to be avoided. Standley v. Chilhowee R-IV Sch. Dist., 5 F.3d 319, 322 (8th Cir. 1993).

employees other than herself.  While an award of front pay necessarily involves some speculation, the exercise as suggested by plaintiff would be unduly speculative inasmuch as it would require the Court to extend its analysis beyond the factors relevant to this case and to base its determination upon evidence of other employees' job performance not presently before the Court.  See McKnight v. General Motors Corp., 973 F.2d 1366, 1372 (7th Cir. 1992); Baker v. John Morrell & Co., 263 F. Supp. 2d 1161, 1184 (N.D. Iowa 2003).

Accordingly, plaintiff's request for the Court to reconsider its front pay award by determining such award on the basis of other employees' performance raises is denied.

2. Front Pay Attributable to Lost Benefits

For tax purposes, plaintiff requests the Court to amend it judgment to expressly indicate the amount of front pay that is attributable to plaintiff's lost benefits.

In its original Memorandum and Order awarding plaintiff front pay (filed December 13, 2001, Docket No. 167), and in its Memorandum and Order awarding front pay upon remand (filed November 28, 2007/Docket No. 263), the Court calculated the award by "using undisputed evidence that plaintiff's annual salary (including benefits) would amount to $106,285.00 had she remained with the FAA." (*Memo. & Order*, Docket No. 263 at p. 13 (citing *Memo. & Order*, Docket No. 167 at pp. 12, 14).)  This undisputed evidence to

which the Court refers is the testimony of plaintiff's expert, Dr. Leroy Grossman, which showed him to have determined plaintiff's annual earnings as an ATCS to consist of $92,422.00 base salary plus fifteen-percent in fringe benefits, for total earnings of $106,285.00. (*Mot. Hrg. Tr.*, Docket No. 182 at pp. 112-13, 114.) Interest earned on pension benefits and amounts earned in the Thrift Saving Plan (TSP) were, and are, not included. (*Id.* at p. 112.) Because the starting point for the Court's calculations of plaintiff's front pay award was plaintiff's ATCS annual earnings of $106,285.00, which included a fifteen-percent allowance for benefits, and the wages deducted for comparable employment did not include such an allowance,[2] it follows that plaintiff's overall front pay award of $489,540.00 includes benefits. To *add* benefits to the figure would provide plaintiff a windfall. To the extent plaintiff requests in her Reply brief that additional benefits should be added to the Court's award of front pay, such request should be denied.

To the extent plaintiff requests clarification as to what percentage of the front pay award is comprised of lost benefits, the undersigned notes that throughout the course of determining an appropriate award, the Court consistently relied upon the

---

[2]See *Memo. & Order*, Docket No. 263, Appendix; Bureau of Labor Statistics, U.S. Dep't of Labor, *Glossary*, Wages and Salaries, *available at* http://www.bls.gov/bls/glossary.htm#W; *Pltf.'s Memo. Regarding Pltf.'s Income and Benefits from Nov. 2001 to Present*, Docket No. 261, and exhibits attached thereto.

undisputed evidence that plaintiff's ATCS earnings, the starting point of such calculations, included a fifteen-percent allowance for benefits. Inasmuch as the front pay award is considered to be those earnings which plaintiff would have made had she remained employed with the FAA, that such earnings included benefits in an amount equaling fifteen percent of her base salary, and no amount representing benefits from comparable employment was deducted from such award, the undersigned will clarify that, consistent with its previous holdings based upon the undisputed evidence before the Court, plaintiff's award of front pay includes an allowance of fifteen percent for lost benefits. As such, plaintiff's total front pay award equals a base pay award plus benefits in the amount of fifteen percent of such base pay award, that is: $489,540.00 = $425,687.00 + $63,853.00.

To the extent plaintiff seeks such clarification, her request should be granted as set out above. In all other respects, plaintiff's request to reconsider the front pay award with respect to calculating lost benefits is denied.

3. <u>Years of Seniority</u>

Finally, plaintiff requests that the Court order defendant to give plaintiff credit for the years of seniority she would have enjoyed had plaintiff remained employed with the FAA through the termination of her front pay award. Although in her Reply brief plaintiff couches this request as an extension of her

request to recoup lost benefits, the undersigned agrees with defendant Secretary that plaintiff seeks additional equitable relief not previously presented to the Court.[3]  The Court declines to address such a belated request.  Nevertheless, to the extent plaintiff contends such request is related to lost benefits which had indeed been sought, the front pay award, as discussed above, includes an allowance for lost benefits with such allowance being that represented by plaintiff's expert at the hearing on equitable relief.  No other benefits are awarded.

Accordingly, plaintiff's request for the Court to reconsider the front pay award so that additional equitable relief may be obtained is denied.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Wendi Ferguson Sellers' Motion for Reconsideration of the Court's Order and Amended Judgment of November 28, 2007 (Docket No. 266) is **DENIED** to the extent plaintiff requests that the Court reconsider its front pay award so that credit for pay increases may be added and that she be awarded credit for seniority.

---

[3]Indeed, plaintiff raised no challenge to this Court's previous Memorandum and Order which awarded plaintiff front pay in the lump sum amount of $638,293.99 (filed Dec. 13, 2001/Docket No. 167).  As in the instant Memorandum and Order now challenged by plaintiff, this December 2001 Memorandum and Order and accompanying Judgment did not include, or discuss, a credit to plaintiff's seniority as a form of equitable relief.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Reconsideration of the Court's Order and Amended Judgment of November 28, 2007 (Docket No. 266) is **GRANTED** to the extent plaintiff seeks clarification as to what percentage of the front pay award is comprised of lost benefits.[4] In all other respects, plaintiff's request for the Court to reconsider lost benefits, including plaintiff's request for entry of an amended judgment, is **DENIED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _14th_ day of April, 2008.

---

[4]Inasmuch as such clarification is set out in this Memorandum and Order and the award of front pay *in toto* is not affected thereby, an amended judgment setting out such clarification is unnecessary and plaintiff's request for such is denied.