UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WENDI FERGUSON SELLERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:97CV2260 FRB |
| ) | |
| MARY E. PETERS, Secretary of ) | |
| Transportation, U.S. Department ) | |
| of Transportation, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff Wendi Ferguson Sellers' Supplemental Bill of Costs (filed January 18, 2008/Docket No. 279). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

This cause is before the Court pursuant to the Eighth Circuit Court of Appeals' decision in Sellers v. Mineta, 358 F.3d 1058 (8th Cir. 2004), wherein, on the defendant Secretary of Transportation's appeal of this Court's award of front pay to plaintiff, the judgment awarding such front pay was vacated and the matter was remanded for further proceedings. Mandate issued on the Eighth Circuit's opinion on April 16, 2004. Thereafter, upon additional consideration as instructed by the Eighth Circuit, this Court determined plaintiff not to be precluded from an award of front pay in the circumstances in this cause, but likewise determined that

plaintiff's front pay award should be reduced given her failure to mitigate damages. (See *Memo. Opn.*, Docket No. 255; *Memo. & Order*, Docket No. 263.) Accordingly, an Amended Judgment was entered November 28, 2007, which vacated the previous judgment to the extent it awarded plaintiff $638,293.99 in front pay, and awarded plaintiff front pay anew in the amount of $489,540.00. (*Amd. Jmt.*, Docket No. 264.) Plaintiff has now submitted a Supplemental Bill of Costs seeking recovery of costs incurred since the submission of her original Bill of Costs on January 22, 2002.[1] Defendant Secretary has not filed a response or otherwise objected to this Supplemental Bill of Costs.

In her Supplemental Bill of Costs, plaintiff seeks recovery of copying fees, fees for postage and delivery, and fees for long distance telephone charges, with such costs totaling $801.34. A review of the itemized bill shows such costs to have been incurred from January 28, 2002, through June 5, 2007; and that at least some costs were incurred during and in relation to the appellate proceedings in this cause. Although defendant did not respond to the instant bill, this Court is nevertheless bound to impose costs against the United States, its officers and agencies "only to the extent allowed by law." Fed. R. Civ. P. 54(d)(1).

---

[1]Plaintiff's January 2002 bill was submitted on the Court's final judgment of December 13, 2001, which first granted plaintiff equitable relief in the form of front pay. It was this final judgment of front pay from which defendant Secretary of Transportation appealed to the Eighth Circuit.

A.  Recovery of Appellate Costs

Rule 39(a) of the Federal Rules of Appellate Procedure sets forth four separate categories of cases in which appellate costs will be awarded, with different directions for the taxation of costs with respect to each of the four categories. The four categories are: 1) dismissed appeals; 2) affirmed judgments; 3) reversed judgments; and 4) judgments affirmed in part, reversed in part, modified, or vacated. The appeal in this cause resulted in the judgment of this Court being vacated, thus placing the costs of appellate proceedings in this matter squarely within Fed. R. App. P. 39(a)(4), which provides that "costs are taxed only as the court orders." "In such situations, Rule 39 has no default rule with respect to whether costs are taxed against the appellant or appellee; the appellate court must specify whether one party or the other, or both, are entitled to costs, and if so, what costs." Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp., 497 F.3d 805, 808 (8th Cir. 2007).

Here, the Eighth Circuit never entered an order indicating whether plaintiff Wendi Sellers (appellee) or defendant Secretary of Transportation (appellant) was entitled to appellate costs because neither party brought a motion for costs within fourteen days of the judgment entered by the court of appeals. See Fed. R. App. P. 39(d)(1) ("A party who wants costs taxed *must*-within 14 days after entry of judgment-file with the circuit clerk, with proof of service, an itemized and verified bill of costs."). (Emphasis added.) Although Rule 39(e) provides for certain appellate costs to be

- 3 -

taxable in the district court rather than directly in the appellate court, the recovery of such costs is nonetheless "subject to the appellate court so 'order[ing]' them to be recoverable under Rule 39(a)(4) in cases where a judgment is affirmed in part, reversed in part, modified, or vacated." Reeder-Simco GMC, 497 F.3d at 808. As such, in a vacated judgment case such as the one here, none of the costs listed as taxable under Rule 39(e) are recoverable in the district court unless the appellate court so indicates. See id.

Because Ms. Sellers never brought a motion for costs before the Eighth Circuit, no such order was ever entered to trigger a right to recover any Rule 39 costs, including those costs listed under Rule 39(e) which are taxable in the district court. Accordingly, this Court is without authority to award such appellate costs in plaintiff Sellers' favor. Reeder-Simco GMC, 497 F.3d at 808-09. Therefore, to the extent plaintiff seeks to recover her appellate costs in this forum, such requested costs shall be disallowed.

B.   Recovery of District Court Costs

A review of the relevant record in this case shows the first judgment awarding plaintiff equitable relief in the form of front pay to have been entered in the district court on December 13, 2001. Defendant Secretary of Transportation appealed from this final judgment on February 11, 2002. At the time the government filed this appeal, there remained pending in the district court plaintiff's Motion for an Award of Attorney's Fees. On April 24, 2002, this Court ruled such motion and entered a separate judgment thereon

awarding plaintiff attorney's fees in the amount of $266,661.35. (*Memo. & Order*, Docket No. 199; *Jmt.*, Docket No. 200.) No appeal was taken from this judgment and no further action was sought from or taken in the district court until jurisdiction again vested in this Court on April 16, 2004, upon the Eighth Circuit's issuance of the mandate in <u>Sellers</u> on the issue of front pay.

Inasmuch as this Court is without authority to tax appellate costs in this cause, it is restricted to taxing only those costs incurred by plaintiff relating to action taken in the district court during and relation to the pendency of her motion for attorney's fees, and during and in relation to the pendency of those matters before the district court upon remand by the Eighth Circuit. Accordingly, plaintiff shall recover as costs those incurred during the pendency of plaintiff's Motion for an Award of Attorney's Fees, and specifically, long distance telephone charges in the amount of $2.62, copy charges in the amount of $14.60, and postage/delivery charges in the amount of $3.76; and those incurred subsequent to the court of appeals' issuance of its mandate in <u>Sellers</u>, and specifically, copy charges in the amount of $15.80, and postage/delivery charges in the amount of $1.90.

Accordingly,

**IT IS HEREBY ORDERED** that the following supplemental costs shall be and they are taxed against defendant Secretary of Transportation, United States Department of Transportation, in this

- 5 -

cause:

|  |  |
|---|---|
| Fees for exemplification and copies of papers obtained for use in the case: | $30.40 |
| Postage and delivery charges: | $ 5.66 |
| Long distance telephone charges: | $ 2.62 |
| **TOTAL:** | **$38.68.** |

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  *14th*  day of April, 2008.