UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WENDI FERGUSON SELLERS, )<br>)<br>                Plaintiff, )<br>)<br>   v. )<br>)<br>MARY E. PETERS, Secretary of )<br>Transportation, U.S. Department )<br>of Transportation, et al., )<br>)<br>               Defendants. ) | No. 4:97CV2260 FRB |

**MEMORANDUM AND ORDER**

      Presently pending before the Court is plaintiff Wendi Ferguson Sellers' Motion for Supplemental Award of Attorneys' Fees (filed January 18, 2008/Docket No. 280). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

      As relevant to the instant motion, plaintiff Wendi Ferguson Sellers brought this action against the Secretary of Transportation, United States Department of Transportation (Secretary), pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, et seq., alleging that she was unlawfully discriminated against in her employment as an Air Traffic Control Specialist (ATCS) for the Federal Aviation Administration (FAA) on account of her gender and in retaliation for her complaints of sexual harassment which resulted in the ultimate termination of her employment. After obtaining a fully

favorable verdict, plaintiff received judgment against defendant Secretary on April 4, 2000, in the amount of $1,145,000.00 which represented the aggregate amount of plaintiff's non-economic and back pay damages as determined by the jury. After granting in part defendant Secretary's Motion for Remittitur, the Court reduced plaintiff's non-economic damages award against defendant Secretary, *in toto*, to the statutory maximum amount of $300,000.00. 42 U.S.C. § 1981a. In addition, the Court granted plaintiff's Motion for Prejudgment Interest and assessed against defendant Secretary such interest on plaintiff's back pay award in the amount of $27,329.33. An Amended Judgment was entered on March 27, 2001, to reflect these adjustments.

Subsequent to the entry of the jury's favorable verdict, plaintiff filed a Motion for Equitable Relief in which she sought reinstatement to her position with the FAA as an ATCS, or, in the alternative, an award of front pay. An evidentiary hearing on the motion was held November 19, 2001; and on December 13, 2001, the Court entered a Memorandum and Order, with Findings of Fact and Conclusions of Law, in which it determined that reinstatement to plaintiff's position with the FAA was impracticable in the circumstances. The Court therefore awarded plaintiff front pay in lieu of reinstatement, with such award spanning a period of eight years and eight months and totaling $638,293.99.

Defendant Secretary appealed this Court's determination

of front pay, arguing that plaintiff's post-termination misconduct barred her reinstatement with the FAA and thereby precluded any award of front pay. In the alternative, the Secretary argued that the front pay award was excessive given plaintiff's failure to mitigate her damages. In its subsequent decision, the Eighth Circuit vacated the award of front pay and remanded the matter to this Court to determine, in the first instance, whether plaintiff's post-termination conduct actually precluded her reinstatement with the FAA and thus precluded an award of front pay. Sellers v. Mineta, 358 F.3d 1058 (8th Cir. 2004). In the event this Court were to determine plaintiff's conduct not to have had such a preclusive effect, the Eighth Circuit instructed the Court to reduce plaintiff's front pay award in accordance with its previous finding that plaintiff failed to reasonably mitigate her damages. Id. at 1066.

On January 31, 2007, this Court entered a Memorandum Opinion and determined, in the first instance, that plaintiff's post-termination conduct did not preclude her reinstatement. (*Memo. Opin.*, Docket No. 255.) The issue of an appropriate award of front pay was thus again placed before the Court. On November 28, 2007, in accordance with the Eighth Circuit's instructions in Sellers, the Court reduced plaintiff's front pay award, determining an appropriate award to be $489,540.00. (*Memo. & Order*, Docket No. 263.) An Amended Judgment was entered that same date. Plaintiff

thereafter requested the Court to reconsider its determination as to the amount of front pay awarded, and, by separate Memorandum and Order entered this date, such request was denied.

Plaintiff now moves for a supplemental award of attorneys' fees against the Secretary, arguing that she was successful in the court of appeals as well as in the district court upon remand by prevailing on defendant's claim that she was precluded from an award of front pay and by the Court's subsequent decision demonstrating that she continues to be entitled to a substantial front pay award. Plaintiff specifically requests supplemental attorneys' fees in the amount of $70,395.00 representing fees incurred for work expended by attorneys and a paralegal in the cause subsequent to the entry of this Court's Amended Judgment on December 13, 2001, and not previously awarded by the Court.[1] Defendant Secretary has not responded to the motion.

Title VII provides the district court the discretion to award reasonable attorneys' fees to prevailing parties in a civil rights action. 42 U.S.C. § 2000e-5(k). The inquiry into determining a reasonable fee involves a two-step process: (1) the Court must look to the claims on which plaintiff prevailed; and (2)

---

[1] On April 24, 2002, this Court granted plaintiff's Motion for an Award of Attorneys' Fees (Docket No. 174) which related to those fees incurred on the original, underlying cause of action. Fees awarded at that time included those incurred subsequent to the Court's Amended Judgment of December 13, 2001, through January 21, 2002, which related to plaintiff's motion for fees.

as to such claims, the Court must determine what amount of attorneys' fees is appropriate. <u>Burks v. Siemens Energy & Automation, Inc.</u>, 215 F.3d 880, 882 (8th Cir. 2000) (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983)). "Where a plaintiff has obtained excellent results, [her] attorney should recover a fully compensatory fee." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435 (1983). Such a fully compensatory fee normally encompasses all hours reasonably expended on the litigation. <u>Id.</u>

Plaintiff contends that she is entitled to a fully compensatory fee arguing that despite the Secretary's vigorous argument on appeal and upon remand that plaintiff was not entitled to any front pay award, she nevertheless was awarded a substantial amount in front pay. For the following reasons, the Court respectfully disagrees with plaintiff's position.

In determining what amount is appropriate, the "most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate." <u>Hensley</u>, 461 U.S. at 433. Other factors which may be considered include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved

and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See St. Louis Fire Fighters Ass'n Int'l Ass'n of Fire Fighters Local 73 v. City of St. Louis, Mo., 96 F.3d 323, 332 n.10 (8th Cir. 1996); see also Hensley, 461 U.S. at 434, 434 n.9. However, the degree of the prevailing party's success is the most critical factor in determining a reasonable fee award. Warnock v. Archer, 397 F.3d 1024, 1026 (8th Cir. 2005) (quoting Farrar v. Hobby, 506 U.S. 103, 114-15 (1992)).

Upon consideration of the factors set out above, and paying particular attention to the degree of plaintiff's success on the matters for which she seeks compensation, the undersigned makes the following determination as to a reasonable fee award:

### I.  Hours Reasonably Expended

Plaintiff seeks supplemental attorneys' fees for the following number of hours expended in this cause subsequent to January 21, 2002:  by attorney Jerome Dobson, 104.27 hours; by attorney Jonathan Berns, 2.66 hours; by attorney Gregory Rich, 128.40 hours; and by paralegal Jerry Rappold, 10.69 hours.

A.  <u>Matters on Which Plaintiff Obtained Full Relief</u>

Plaintiff is entitled to recover a full fee for the time expended in completing the briefing of her initial motion for

attorneys' fees, on which she ultimately prevailed. See Pawlak v. Greenwalt, 713 F.2d 972 (3d Cir. 1983) (attorneys' fees for work performed on application for attorney fees are recoverable) (citing Jorstead v. IDS Realty Trust, 643 F.2d 1305 (8th Cir. 1981)). Such matters are documented in counsel's current billing records on January 22, 2002; from March 21 through March 27, 2002; and on April 25, 2002, and are recorded as follows: Attorney Dobson, 13.25 hours; Attorney Rich, 3.42 hours; and Paralegal Rappold, 2.25 hours.

Plaintiff is also entitled to recover a full fee for the time expended in relation to the proceedings in district court upon remand whereby the Court ultimately determined on January 31, 2007, that plaintiff's post-termination misconduct did not preclude her reinstatement and thus did not preclude an award of front pay. Substantive work on such matters is documented in counsel's current billing records on December 15, 2004, through January 31, 2007, and are recorded as follows: Attorney Dobson, 9.50 hours; and Attorney Rich, 15.50 hours.

Accordingly, of the 104.27 hours for which Attorney Dobson seeks compensation, 22.75 hours shall be fully compensable. Of the 128.40 hours for which Attorney Rich seeks compensation, 18.92 shall be fully compensable. Of the 10.69 hours for which Paralegal Rappold seeks compensation, 2.25 hours shall be fully compensable.

B.  Clerical Duties

A review of counsel's billing records shows Paralegal Rappold to have expended 5.11 hours performing the following clerical tasks: filing documents with the court, delivering service copies of documents upon opposing counsel, Bates stamping, and ordering and paying for the trial transcript in the cause. Compensation for such clerical tasks is not appropriate. See Denesha v. Farmers Ins. Exch., 976 F. Supp. 1276, 1291 (W.D. Mo. 1997), rev'd on other grounds, 161 F.3d 491 (8th Cir. 1998). Accordingly, of the 8.44 remaining hours for which Paralegal Rappold seeks compensation, 5.11 hours shall be disallowed in their entirety.

C.  Motion for Reconsideration

Subsequent to the Court's Memorandum and Order and accompanying Amended Judgment, both entered on November 28, 2007, plaintiff filed a Motion for Reconsideration in which she requested the Court to reconsider its calculation of an appropriate front pay award. By separate Memorandum and Order entered this date, the Court has denied the substance of plaintiff's motion in its entirety. Inasmuch as plaintiff did not prevail on her Motion for Reconsideration, her requested fees for work expended on such motion should be disallowed.

Accordingly, of the 81.52 remaining hours for which Attorney Dobson seeks compensation, 3.83 hours shall be disallowed

in their entirety. Of the 109.48 remaining hours for which Attorney Rich seeks compensation, 8.84 hours shall be disallowed in their entirety.

D. Miscellaneous

A review of counsel's billing records shows that on August 7, 2002, Attorney Dobson conferred with another judge of this court on a matter separate from the instant cause for which there was an apparent scheduling conflict due to the scheduled oral argument on the appeal of this case in the Eighth Circuit. The records show counsel to have expended .92 hours on this separate matter, which included time expended preparing a motion in the unrelated case. The undersigned does not find it appropriate to compensate counsel for time and work expended on another case, unrelated in substance to the instant cause of action.

Accordingly, of the 77.69 remaining hours for which Attorney Dobson seeks compensation, .92 hours shall be disallowed in their entirety.

E. Partial Success

Combining the above calculations, there remain the following hours for which plaintiff seeks full compensation: Attorney Dobson, 76.77 hours; Attorney Rich, 100.64 hours; Attorney Berns, 2.66 hours; and Paralegal Rappold, 3.33 hours. These remaining hours represent substantive work expended in relation to the initial appeal of this cause to the Eighth Circuit; matters

involving reinstatement and front pay subsequent to this Court's Memorandum Opinion entered January 31, 2007; and the instant fee petition. Because plaintiff obtained only partial success on these matters, full compensation for work on which she did not obtain success would not be reasonable. See Warnock, 397 F.3d at 1026-27.

Plaintiff did not prevail in full on appeal. At the conclusion of the appellate process, the question as to whether plaintiff was eligible to obtain equitable relief in *any* form was left unresolved and was remanded to this Court for determination in the first instance. Plaintiff was unsuccessful in her position on appeal that defendant Secretary waived this argument and likewise did not succeed in her position that she nevertheless was entitled to equitable relief despite the Secretary's argument. Further, the Eighth Circuit also determined that the award of front pay was excessive inasmuch as the district court failed to reduce the award for plaintiff's failure to mitigate her damages. The award of front pay was thus vacated and the matter was remanded to this Court for further proceedings. In light of the foregoing, it cannot be said that plaintiff obtained full success on appeal. To award full compensation for attorneys' fees incurred on such appeal would be unreasonable.

Likewise, as is apparent from plaintiff's Motion for Reconsideration, plaintiff obtained partial success relating to reinstatement and front pay at the district court level upon

remand. Despite the Court's award of what plaintiff characterizes to be "substantial" front pay, she nevertheless believes it not to be enough and that she was not awarded all that is due. In addition, this Court's redetermination of an appropriate award of front pay was directed by the Eighth Circuit and its determination that the initial award failed to account for the plaintiff's failure to mitigate her damages. To fully compensate for nearly thirty hours[2] of work on a matter which in effect cured this Court's previous error, and on a matter which plaintiff herself believes she did not obtain full success, would be unreasonable.

Finally, as is apparent herein, plaintiff will obtain only partial success on the instant fee petition.

Accordingly, after considering the degree to which plaintiff prevailed on appeal, on the issue of front pay upon remand and on the instant fee petition, the undersigned determines to deduct fifty percent from the remaining attorney and paralegal hours sought to be compensated. See Warnock, 397 F.3d at 1026 (where the court cannot separate out which hours were billed for which issues, the award may simply be reduced to account for the party's limited success). Therefore, 38.39 of Attorney Dobson's remaining 76.77 hours shall be compensated; 50.32 of Attorney Rich's remaining 100.64 hours shall be compensated; 1.33 of

---

[2]The time records show that counsel performed 29.27 hours of substantive work on this matter during the relevant time period, that is, from February 5 through November 29, 2007.

Attorney Berns' remaining 2.66 hours shall be compensated; and 1.67 of Paralegal Rappold's remaining 3.33 hours shall be compensated. The remainder shall be disallowed.

## II. Reasonable Hourly Rate

Plaintiff has requested a rate of $350.00 per hour for attorney Jerome Dobson; $275.00 per hour for attorney Jonathan Berns; $250.00 per hour for attorney Gregory Rich; and $100.00 per hour for paralegal Jerry Rappold. Mr. Dobson is a highly qualified and nationally recognized civil rights trial attorney with nearly thirty years of experience. Mr. Dobson's current hourly billing rate is $350.00 which is the rate he charges for all services including litigation, consulting and travel. Attorneys Berns and Rich have combined experience of approximately twenty-six years and focus their practice on civil rights litigation. The current hourly billing rates for Attorneys Berns and Rich are as set out above and are the rates charged to regular fee-paying clients for all services. Paralegal Rappold has been a practicing paralegal with Mr. Dobson's law firm since August 1992, specializing in employment discrimination matters. His current hourly rate of $100.00 per hour is the rate charged to fee-paying clients for all services performed by him. (*Dobson Affid.*)

The reasonableness of these rates requested for Mr. Dobson and the other attorneys and paralegal on the case is supported by affidavits submitted by Jerome J. Schlichter and Donna

L. Harper which discuss reasonable hourly rates for attorneys in the local legal community.  Mr. Schlichter and Ms. Harper are experienced trial lawyers who are well qualified to opine on the reasonableness of attorneys' fees in this jurisdiction.

Finally, in addition to counsel's experience and expertise in civil rights litigation, the undersigned has considered the novelty and difficulty of the questions involved here, and particularly the first-impression question as to whether plaintiff's post-termination misconduct precluded equitable relief; the preclusion of employment by the attorney due to acceptance of the case; the contingent nature of the fee; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases.  See St. Louis Fire Fighters Ass'n Int'l Ass'n of Fire Fighters Local 73, 96 F.3d at 332 n.10; see also Hensley, 461 U.S. at 434, 434 n.9.  Upon consideration of all of these factors, the Court finds that the hourly rates requested for Mr. Dobson and the other attorneys and paralegal are reasonable.

Accordingly, for all of the foregoing reasons, the compensable hours for supplemental work expended in this cause are computed as follows:

<u>Attorney Dobson</u>
```
Total hours of attorney time:              104.27
(deduct Motion for Reconsideration)       (  3.83)
(deduct separate case)                    (   .92)
(deduct partial success)                  ( 38.38)

        Total Compensable Hours:           61.14
```

<u>Attorney Berns</u>
```
Total hours of attorney time:                2.66
(deduct partial success)                  (  1.33)

        Total Compensable Hours:            1.33
```

<u>Attorney Rich</u>
```
Total hours of attorney time:              128.40
(deduct Motion for Reconsideration)       (  8.84)
(deduct partial success)                  ( 50.32)

        Total Compensable Hours:           69.24
```

<u>Paralegal Rappold</u>
```
Total hours of paralegal time:              10.69
(deduct clerical duties)                  (  5.11)
(deduct partial success)                  (  1.66)

        Total Compensable Hours:            3.92
```

Calculating the respective hourly rates with the attorneys' and paralegal's total compensable hours, the total of attorneys' fees is computed as follows:

| Attorney/ Paralegal | Hours Reasonably Expended | Rate/Hour | Total Compensation |
|---|---|---|---|
| Attorney Dobson | 61.14 | $350.00 | $21,399.00 |
| Attorney Berns | 1.33 | $275.00 | $   365.75 |

| | | | |
|---|---|---|---|
| Attorney Rich | 69.24 | $250.00 | $17,310.00 |
| Paralegal Rappold | 3.92 | $100.00 | $    392.00 |

                                                                **Total: $39,466.75**

Therefore, for all of the foregoing reasons, pursuant to 42 U.S.C. § 2000e-5(k),

**IT IS HEREBY ORDERED** that plaintiff Wendi Ferguson Sellers' Motion for Supplemental Award of Attorneys' Fees (Docket No. 280) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiff Wendi Ferguson Sellers shall recover of the defendant Secretary of Transportation, United States Department of Transportation, supplemental attorneys' fees in the amount of Thirty-Nine Thousand, Four Hundred Sixty-Six and 75/100 Dollars ($39,466.75).

Judgment shall be entered accordingly.

                                                         */s/ Frederick R. Buckles*
                                                  UNITED STATES MAGISTRATE JUDGE

Dated this  _14th_  day of April, 2008.